ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 JAN 24 PM 3:11

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CLIFFORD MAURICE HERRINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 107-082 |
| ) | |
| DAVID FRAZIER, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 5). Petitioner opposes the motion. (Doc. no. 7). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On February 26, 1998, a jury found Petitioner guilty of two counts of armed robbery and two counts of robbery as lesser included offenses, but the jury did not reach a verdict on a fifth charge of armed robbery. (Doc. no. 8, Ex. 5, pp. 34, 176-77, 355; Ex. 9, p. 30). Petitioner was sentenced, as a recidivist, to life without parole for each armed robbery count,

to run concurrently, and the other three counts were placed on the dead docket. (Id., Ex. 5, p. 363, Ex. 9, p. 29). Petitioner obtained new counsel in May 1998, who succeeded in getting permission to file an out-of-time motion for new trial. (Id., Ex. 5, pp. 364, 368). The motion for new trial was denied in October 1999. (Id. at 371). Petitioner filed a direct appeal on October 15, 1999, that was docketed in the Court of Appeals on December 3, 1999. (Id. at 215). Petitioner's convictions were affirmed on March 29, 2000. Herrington v. State, 533 S.E.2d 133 (Ga. Ct. App. 2000).

On November 20, 2000, Petitioner filed a state habeas corpus petition in the Superior Court of Telfair County. (Doc. no. 8, Exs. 2, 3). Petitioner raised, among other grounds, ineffective assistance of counsel. (Id., Exs. 2, 3). On March 8, 2001, the habeas court found that Petitioner had satisfied the first prong of the ineffective assistance of counsel standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and in an unprecedented move, "remanded" the case and ordered that Petitioner be granted an "extraordinary motion for new trial" for further proceedings on the claims of ineffective assistance of counsel.[1] Herrington v. State, 594 S.E.2d 682, 683-84 (Ga. Ct. App. 2004).

On January 16, 2003, the Richmond County trial court denied the extraordinary motion for new trial, finding that Petitioner's trial counsel was not ineffective. (Id. at 684). Petitioner then filed an untimely notice of direct appeal from the order denying his

---

[1]Under the first prong of the Strickland standard, Petitioner must show that his counsel's performance was deficient in that it fell below an "objective standard of reasonableness" considering all the circumstances at the time of counsel's conduct. Strickland, 466 U.S. at 687-92. Under the second prong, the court must determine whether the deficient performance actually prejudiced Petitioner. (Id.). The habeas court never determined whether Petitioner had met the second prong of Strickland. Herrington, 594 S.E.2d at 683-84.

2

extraordinary motion for new trial. (Id.). That appeal was dismissed for lack of jurisdiction. (Id.). Petitioner next filed a motion for an out-of-time appeal. (Id.). The trial court granted the motion for an out-of-time appeal. (Id.). Petitioner then filed a timely notice of appeal on October 16, 2003. (Id.). The Court of Appeals found that the habeas court's March 2001 order was "a nullity and void" because the habeas court had no authority to remand the case, or to grant permission to file an extraordinary motion for new trial. (Id. at 685). Since Petitioner's habeas claims had not been fully resolved, the Court of Appeals remanded the case to the habeas court for resolution of the outstanding habeas corpus claims. (Id. at 686).

Petitioner's state habeas case was reopened, and an evidentiary hearing was held. (Doc. no. 8, Exs. 7, 8). Petitioner's habeas corpus claims were denied on May 17, 2005. (Id., Exs. 9, 10). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal ("CPC") on February 13, 2006. (Id., Exs. 12, 13). Finally, Petitioner's motion for reconsideration of the denial of the application for a CPC was denied on March 27, 2006. (Id., Exs. 12, 13).

On April 20, 2007, Petitioner attempted to file, in the Georgia Supreme Court, a motion to set aside judgment. (Id., Ex. 16). According to the record, the Clerk of the Georgia Supreme Court refused to accept Petitioner's untimely motion. (Id., Ex. 17). Petitioner then executed the above-captioned petition on May 23, 2007. (Doc. no. 1).

Respondent now argues that the above-captioned petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (Doc. no. 5, pp. 2, 3). Petitioner contends that the

3

above-captioned petition should not be dismissed because the circumstances of his case warrant tolling the statue of limitations. (Doc. no. 7, pp. 6-8). The Court resolves the dispute as follows.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion

4

of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on March 29, 2000. Thereafter, Petition had ten (10) days, pursuant to the Georgia Court of Appeals's Rule 37, to file a motion for reconsideration.[2] Pursuant to the Georgia Supreme Court's Rule 38, Petitioner had ten days in which to either move for reconsideration or to file a notice of intent to apply for certiorari to the Georgia Supreme Court.[3] Petitioner did neither. Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in April 2000.

## B.     Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from April 2000, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Petitioner waited over seven months from the time his conviction became final in April 2000, until he filed his state habeas

---

[2]The Georgia Court of Appeals Rule 37(b) provides in pertinent part that, "Motions for reconsideration must be filed within 10 days from the rendition of the judgment or dismissal."

[3]The Georgia Supreme Court Rule 38 (1) provides:

Compliance with the requirements of this rule governing petitions for certiorari is mandatory. Notice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within 10 days after the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed. A copy of the notice of intent is not to be filed in the Supreme Court.

5

petition. Petitioner's state habeas petition, executed on November 20, 2000, tolled the statute of limitations period until March 27, 2006.[4] At this time, Petitioner still had just under five months to file his federal habeas petition. However, Petitioner waited over one year from the date his motion for reconsideration was denied, until May 23, 2007, to execute his federal habeas corpus petition. Therefore, absent some tolling mechanism, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) (quoted *supra*). Here, Petitioner asserts that the State has created some "impediment" to filing his application. (Doc. no. 7, pp. 6-8). Petitioner argues that he never received the March 27, 2006 Order in which the Georgia Supreme Court denied his motion for reconsideration. (Id. at 2). Petitioner asserts, "Clerk Theresa Barnes of the Supreme Court of Georgia served as the State-action impediment which prevented Petitioner from timely filing the instant federal petition." (Id. at 6). Contrary to Petitioner's assertion, he offers no evidence of a government imposed impediment to filing. Rather, he merely asserts, that he

---

[4]For purposes of this motion to dismiss, given the unusual procedural history of this case, the Court will assume that the limitations period was tolled for the duration of Petitioner's state habeas corpus petition - November 20, 2000, until and including the Georgia Supreme Court's March 27, 2006 denial of Petitioner's motion for reconsideration of his application for a CPC.

did not receive a copy of the March 27, 2006 Order denying his motion for reconsideration. While Petitioner argues that the Clerk of the Supreme Court of Georgia was to blame for not providing him with the decision, there is no evidence that Petitioner was prevented from seeking the information himself.

Having failed to satisfy a statutory basis for tolling the statue of limitations, Petitioner also alleges he is entitled to equitable tolling based on his failure to receive the March 27, 2006 Order denying his motion for reconsideration. This argument also fails.

"Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner fails to make an argument that rises to the level of extraordinary circumstances which would justify equitable tolling. Moreover, Petitioner has not established due diligence, as approximately one year passed with out his making any effort to determine the status of his motion for reconsideration. While Petitioner argues that the

Clerk of the Supreme Court of Georgia was to blame for not providing him with the decision on his motion for reconsideration, there is no evidence that Petitioner was prevented from seeking the information himself. Petitioner failed to provide an explanation of any independent efforts he made during the course of an entire year to determine the status of his pending motion for reconsideration. Therefore, Petitioner has not established that he used due diligence to ascertain the status of his motion for reconsideration.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence,[5] Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

---

[5] Although actual innocence may warrant consideration of an otherwise untimely federal petition, Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000), "[t]his exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Notably, Petitioner does not raise an actual innocence argument in his federal habeas petition.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 24th day of January, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE